Stinson *vs.* Thornton.

Report unnecessary.

WOFFORD & MILNER, for plaintiff in error.

A. JOHNSON ; D. A. WALKER, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for personal injuries sustained by him, as an employee, whilst the defendant's road was in the hands of a receiver appointed by a court of chancery. The defendant demurred to the plaintiff's declaration and made a motion to dismiss it, which demurrer and motion were sustained by the court, and the plaintiff excepted.

This case comes within the ruling of this court in *Henderson vs. Walker et al.*, 55 *Georgia Reports*, 481, and is controlled by it.

Let the judgment of the court below be affirmed.

---

JANE M. STINSON, by next friend, plaintiff in error, *vs.* JOHN P. THORNTON, administrator, defendant in error.

1. *Bona fide* purchaser of railroad stock for value and without notice, protected : *Nutting vs. Thomason, 46 Georgia Reports, 34.*
2. The person who acted in procuring the transfers to be made on the books of the corporation, was not an agent of the second purchaser, and the latter was not affected by notice to him not communicated.

Sales. Railroad stock. Notice. Principal and agent. Before Judge BUCHANAN. Troup Superior Court. November Term, 1875.

Jane M. Stinson, by her next friend, brought complaint against John P. Thornton, as administrator upon the estate of Thomas J. Thornton, deceased, for fourteen shares of stock in the Atlanta and West Point Railroad Company, of the value of $1,400 00, with certain dividends which had been declared

thereon. The defendant pleaded the general issue, and further, that if his intestate had ever purchased any such stock, he was unaware of the fact that plaintiff had any interest therein ; that he purchased from one authorized to sell, and paid full value therefor.

The case made by the plaintiff was, in brief, as follows :

John Stinson, by his will, left twenty-one shares of stock in the Atlanta and West Point Railroad Company to his daughter, the plaintiff, who was imbecile and incapable of attending to business. He appointed his son, John W. Stinson, his executor, with full power to sell any part of the estate when he might think it best for the widow and children.

The stock book of the railroad company showed that on July 25th, 1860, the twenty-one shares standing in the name of John Stinson were transferred to John W. Stinson, trustee for Jane M. Stinson ; that on January 18th, 1868, fourteen shares were transferred to Wise & Douglass, and that on the same day these shares were further transferred to Thomas J. Thornton.

About January 18th, 1868, John W. Stinson was indebted to Wise & Douglass on an account for himself and for goods purchased by him for the use of the family of testator. He offered to let Wise & Douglass have the above mentioned stock if they would take it at ninety-five cents in the dollar. They inquired as to what they could sell it for. Thomas J. Thornton agreed to give ninety-four cents. They accordingly purchased from Stinson at ninety-five cents and sold to Thornton at ninety-four. The papers were given by Wise & Douglass to John F. Moreland to have the transfers made. They did not know themselves how the stock was held ; did not tell Thornton that it was the property of an estate; merely said to him that they had some railroad stock which they wished to sell. It was left to Moreland to have the transfers properly made. The money paid by Thornton was appropriated first to satisfaction of account against Stinson, and balance handed to Bigham by order of the former.

Plaintiff, having further proved the number and amounts of dividends declared on the stock since the transfer by Stinson, closed.

On motion of defendant a non-suit was ordered, and plaintiff excepted.

B. H. BIGHAM, for plaintiff in error.

SPEER & SPEER, for defendant.

BLECKLEY, Judge.

The two points ruled by the court appear, at sufficient length, in the head-notes. They need not be commented upon.

Judgment affirmed.

---

THOMAS G. LAWSON, administrator, plaintiff in error, *vs.* ALFRED H. COATES, defendant in error.

1. A memorandum on an account and application for a mechanic's lien, not recorded with the lien, and with no proof in regard to the person who made the memorandum, or of its truth, is no evidence at all.
2. When the verdict of the jury has no legal evidence to sustain it, a new trial must be granted.

Mechanic's lien. Evidence. New trial. Before Judge BARTLETT. Putnam Superior Court. September Term, 1875.

Reported in the opinion.

THOMAS G. LAWSON, for plaintiff in error.

W. F. JENKINS, for defendant.

JACKSON, Judge.

This was a suit on a note secured by a mechanic's lien. The jury found for the plaintiff; the defendant moved for a